## FETZER, ESTATE OF, In re

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17521. Decided Jan. 11, 1940

Ben P. Rabb, Cleveland, for Alma A. Clauson, legatee.

Harvey E. Elliott, Cleveland, for Otto Fetzer, Executor.

OPINION

By HAMILTON, PJ.

This case arose in the Probate Court of Cuyahoga County, Ohio, in the matter of the administration of the estate of Michael Fetzer,. deceased.

It appears that a legatee under the will of Michael Fetzer filed in the Probate Court of Cuyahoga County exceptions to the inventory, whicn had theretofore been filed by the executor. There was also a complaint filed that certain assets of ·the estate of Michael Fetzer had been concealed.

The exceptor in the Probate Court charged the executor with tne failure to inventory as part of the assets of the estate of Michael Fetzer, deceased, a certain promissory note in the sum of $8,000, dated November 23rd, 1916, and executed ˙by Otto Fetzer and Lillie M. Fetzer, his wife, to the deceased, Michael Fetzer.

The execution of the note as claimed is admitted by Otto Fetzer and Lillie M. Fetzer, his wife, but they claim that said note was liquidated by the said testator, Michael Fetzer, in directing the executor upon his death, to return the note to the makers, and that delivery

should constitute a cancellation of any indebtedness under the note.

The Probate Court overruled the exceptions.

On appeal to the Court of Common Pleas, the court of common pleas sustained the exceptions, and held that the note should be considered and inventoried as part of the estate, but found no guilt of concealing of assets. From that judgment, error is prosecuted to this court.

The facts are not in dispute. The executor did not inventory the note in question; he,. having delivered the note to the makers. It appears from the. record that the deceased Michael Fetzer visited the office of Harvey E. Elliott, attorney-at-law, and engaged Elliott to prepare his last will and testament, and at the same time Fetzer directed Harvey E. Elliott to prepare a letter. The letter is in the record and is as follows:

"May 19, 1934.

Harvey E. Elliott,
Attorney-at-Law
423 Cuyahoga Bldg.
Cleveland, Ohio
Dear Mr. Elliott:

I hand you herewith a note signed by my son Otto Fetzer and his wife in the sum of Eight Thousand ($8,000.00) Dollars.

In event of my death you are instructed to hand the same to my son Otto with the understanding that such delivery will amount to a cancellation of said note.

Very truly yours,
(Signed)     Michael Fetzer."

The will was executed and Fetzer delivered the note to Elliott, with the letter of instructions, as above quoted. Upon the death of Michael Fetzer, Elliott delivered the note, as directed in the letter, to the makers. Michael Fetzer died a little over two years after executing his last will and writing the letter of instructions. During this period of two years, the letter of instructions had been held by Elliott up to the time of the death of Fetzer.

The question for determination in this case is was this a valid gift inter vivos, which may be upheld in law for the benefit of the makers of the note.

The record discloses that during this time, twenty-seven months, as above stated, the note and letter were held by Elliott. It will be noted that under the terms of the will, which is in the record, Otto Fetzer is one of the three children, and was apparently given a smaller part of the estate of Fetzer than the testator gave to his other two children. This would indicate that he had in mind that he had given some special benefit to Otto Fetzer. The reasonable inference is the return of the cancelled note. During the twenty-seven months period in which the note and letter were in the possession of Elliott, the testator gave it no concern, and no interest was paid thereon, nor was any consideration given to it by Michael Fetzer during the entire time. In fact the record shows that nothing was done to indicate any control over, or any intention by the donor otherwise than to make an immediate gift of the property and delivery thereof to the donee, through a third person as trustee. Michael Fetzer relinquished all dominion and control over the property, leaving the letter of instructions with the note, to be delivered upon his death to the makers of the note.

In the case of **Streeper v Myers et, 132 Oh St 322**, Supreme Court Judge Zimmerman, in a well considered and able opinion covers the law and the authorities concerning gifts inter vivos. The syllabus in the Streeper case is as follows:

"1. Requisites of a valid gift inter vivos are an intention on the part of the donor to make an immediate gift of property and delivery thereof to the donee, or to a third person as trustee for the donee, with relinquishment of all dominion and control over the property by the donor.

"2. Acceptance by the donee of a gift beneficial in character will be presumed, and this presumption prevails where the gift is delivered to a third person as trustee for the donee without the latter's knowledge.

"3. A completed gift is created where the evidence in a particular case shows delivery of property by the donor to a third person for the benefit of the donee, under circumstances manifesting an intention to vest immediate title in the donee and relinquishment of all dominion and control over the property; and the third person is thereby constituted a trustee for the donee.

"4. The validity of such gift is not affected by the fact that the donee's enjoyment of the property is postponed until the donor's death.

"5. Where there has been a completed gift of property, the reservation by the donor to himself during his lifetime of the earnings thereof will not invalidate the gift."

The writer is of the opinion that the decision in the Streeper case covers the case at bar on all points, unless it be that the case under consideration presents a stronger case of a completed gift.

The case of **Ball v Foreman et, 37 Oh St 132**, upheld the title to real estate based upon the escrow delivery of a deed therefor. It appears that one Ball called upon his attorney-at-law, and directed him to draw two deeds to certain pieces of his property, one to his daughters and one to the children of a son. He left the necessary data for the drawing of the deeds. He reserved a life estate in the property for himself. He later returned and executed the deed and verbally directed his attorney "to hold these deeds and at his (Ball's) death, to hand or deliver the deeds to the proper parties named in the deeds."

The attorney was later elected to the bench, and he deposited the deeds in a safe deposit box in the bank, with instructions to the cashier to make delivery of the deeds to the grantees. This was done by said cashier. The Supreme Court held this delivery passed a good title to the property to the grantees at the time of delivery.

In the case under consideration, the note in question was delivered to the

84

attorney by Michael Fetzer, and at the time gave full written instructions to deliver the note, considered cancelled, to the donee.

On the authority of the Streeper case, supra, and the cases therein cited, the court finding the gift to be a valid, completed gift, finds that the note was not property of the estate of Michael Fetzer, deceased, and it was properly omitted from the inventory by the Executor.

The judgment of the Court of Common Pleas is reversed, and the overruling of the exceptions by the Probate Court is affirmed.

ROSS, J., concurs.

MATTHEWS, J. (Dissenting):

The Court of Common Pleas found on the evidence that there had been no gift inter vivos.

In a painstaking opinion, the trial court analyzed the evidence, and discussed all the relevant Ohio cases on the subject. I agree with the trial court as to its analysis of the evidence, and also as to the rule of law deduced from the authorities. It is my opinion, therefore, that the judgment should be affirmed.